

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| OPLUS TECHNOLOGIES, LTD., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | Case No. 11-cv-9029 |
| SEARS HOLDING CORPORATION and ) | |
| JVC AMERICAS CORPORATION, ) | Judge John W. Darrah |
| ) | |
| Defendants. ) | |
| ) | |

## AMENDED MEMORANDUM OPINION AND ORDER

Plaintiff Oplus Technologies, Ltd. ("Oplus") filed suit against Defendants Sears Holding Corporation ("Sears") and JVC Americas Corporation ("JVC"), alleging patent infringement. JVC moves to sever the patent infringement claims against it from the claims alleged against Sears, transfer those claims to the U.S. District Court of New Jersey, and stay the case involving the remaining claims against Sears, pending the outcome of the JVC case. Sears joins JVC's Motion.

### BACKGROUND

Oplus is a foreign corporation, organized under the laws of Israel. (Compl. ¶ 2.) JVC is a Delaware Corporation, with its principal place of business in New Jersey; Sears is also a Delaware Corporation, with its principal place of business in Hoffman Estates, Illinois. (*Id.*, ¶¶ 5-6.) This dispute involves two patents owned by Oplus: U.S. Patent No. 6,239,842, entitled "Method of De-Interlacing Video Signals Using a Mixed Mode Spatial and Temporal Approximation Technique," ('842 Patent) and U.S. Patent No.

7,271,840, entitled "Method for Determining Entropy of a Pixel of a Real Time Streaming Digital Video Image Signal, and Applications Thereof," ('840 Patent). (*Id.*, ¶¶ 3-4.) The '842 Patent was issued on May 29, 2001, while the '840 Patent was issued on September 18, 2007. (*Id.*) Yosef Segman, the inventor of these patents, is a resident of Israel. (*Id.*, Ex. A at 1, Ex. B at 1.) Oplus alleges Defendants have sold or offered to sell products that infringe these patents within the Northern District of Illinois and further alleges venue is proper pursuant to 28 U.S.C. § 1400(b), which provides: "Any civil action for patent infringement may be brought in the judicial district where the defendant resides, or where the defendant has committed acts of infringement and has a regular and established place of business." (*Id.*, ¶¶ 7-8.)

In its Complaint, Oplus claims JVC infringed its patents by making, using, importing, selling or offering to sell, and/or by contributing to others' use of audio and video products which use methods that fall within the scope of its patents. (*Id.*, ¶¶ 9, 11.) Oplus also claims Sears infringed its patents by importing, selling, and/or offering to sell infringing JVC projectors, audio products and video products. (*Id.*, ¶¶ 10, 12.) According to JVC's General Counsel, Sears was a minor purchaser and reseller of one of the accused products, purchasing only seventeen units in 2006. (Memo. at 6.)

JVC moves to sever the infringement claims against it from the claims against Sears, arguing Sears is merely a "peripheral defendant" and that the claims alleged by Oplus against Sears are simply to establish venue in the Northern District of Illinois. (Memo. at 5-6.) JVC further moves to transfer the claims against it to the District of New Jersey, where JVC is located, and to stay the claims remaining in the Northern District of

2

Illinois against Sears, pending the resolution of the transferred claims against JVC. (Memo. at 7-8.) Sears joined JVC's Motion, and Oplus opposes JVC's Motion. The Motion has been fully briefed and is ripe for ruling.

## LEGAL STANDARD

Fed. R. Civ. P. 20(a)(2) permits defendants to be joined in a single action if: "(A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action." Beyond these two requirements, consideration is given as to whether joinder would result in prejudice against any parties, or otherwise cause delay. *First Time Videos, LLC v. Does 1-500*, 276 F.R.D. 241, 252, (N.D. Ill. 2011).

Fed. R. Civ. P. 21 provides, "On motion or on its own, the court may at any time, on just terms, add or drop a party. The court may also sever any claim against a party." The district court has "broad discretion whether to sever a claim under Rule 21." *Rice v. Sunrise Express, Inc.*, 209 F.3d 1008, 1016 (7th Cir. 2000) (*Rice*). Claims may be severed, and the severance may create two separate proceedings, provided the claims are "discrete and separate." *Gaffney v. Riverboat Services of Indiana, Inc.*, 451 F.3d 424, 442 (7th Cir. 2006) (quoting *Rice*, 209 F.3d at 1016).

It is within the discretion of the trial court to manage its docket and, when appropriate, stay proceedings. "[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *See, e.g.,*

*Tex. Independent Producers & Royalty Owners Ass'n v. EPA,* 410 F.3d 964, 980 (7th Cir. 2004) (quoting *Landis v. N. Am. Co.,* 299 U.S. 248, 254, (1936)).  When ruling on a motion to stay proceedings, courts consider the following:  "(1) whether a stay will unduly prejudice or tactically disadvantage the non-moving party, (2) whether a stay will simplify the issues in question and streamline the trial, and (3) whether a stay will reduce the burden of litigation on the parties and on the court."  *Tap Pharmaceutical Products, Inc. v. Atrix Laboratories, Inc.*, No. 03-CV-7822, 2004 WL 422697, at *1 (N.D. Ill. March 3, 2004) (*Tap Pharmaceutical*) (citing *Wireless Spectrum Techs., Inc. v. Motorola Corp.*, 57 U.S.P.Q.2d (BNA) 1662, 1663 (N.D. Ill. 2001)).

Additionally, "[f]or the convenience of the parties and witnesses, in the interest of justice, a district court may transfer *any* civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a) (emphasis added).  In ruling on a motion to transfer under § 1404(a), however, the movant bears the burden of establishing that the transferee forum is clearly more convenient, and the decision lies in the sound discretion of the trial judge.  *See Coffey v. Van Dorn Iron Works*, 796 F.2d 217, 219 (7th Cir. 1986) (*Coffey*).  The court may consider facts presented by way of "affidavit, deposition, stipulation, or other relevant documents." *Midwest Precision Servs., Inc. v. PTM Indus. Corp.*, 574 F. Supp. 657, 659 (N.D. Ill. 1983).

## ANALYSIS

### *Severing the Claims*

JVC argues the claims alleged against it should be severed from the claims alleged against Sears because the Sears claims are unnecessary to resolve the issue of

infringement; therefore, JVC contends, Sears is a peripheral defendant. (Memo. at 5.) JVC asserts Sears "has nothing substantive to offer this infringement action" but was named as a party by Oplus simply to establish venue in the Northern District of Illinois. (Memo. at 6.) "It is not uncommon for courts to sever claims by patent holders against peripheral defendants in order to transfer the litigation to a more appropriate forum." *Calmedica, LLC v. Novoste Corp.*, No. 03-CV-3924, 2004 WL 413296, at *1 (N.D. Ill., Jan. 30, 2004) (citing *Safe Bed Technologies Co. v. KCI USA, Inc.*, No. 02-CV-97, 2002 WL 1769991 (N.D.Ill. July 31, 2002); *Ambrose v. Steelcase, Inc.*, No. 02-CV-2753, 2002 WL 1447871 (N.D.Ill. July 3, 2002) (*Ambrose*)).

Sears' involvement with the accused products is, at best, minimal: as JVC's General Counsel explained in support of JVC's Motion, Sears purchased only seventeen units of only one of the accused products, and those seventeen audio-video control receivers were purchased from a third party, not directly from JVC, more than three years ago. (Memo. at 6.) It's unclear what, if anything, the claims against Sears can contribute to Oplus's infringement action against JVC. The obvious reason Oplus joined Sears in this action was to establish venue in the Northern District of Illinois; therefore, Sears is a peripheral defendant. *See Spread Spectrum Screening, LLC v. Eastman Kodak Co.*, No. 10-CV-1101, 2010 WL 3516106, at *3 (N.D. Ill. Sept. 1, 2010) (*Spread Spectrum*). Because Sears is merely peripheral to this lawsuit, it is appropriate to sever the claims against Sears from the claims against JVC. *See Ambrose*, 2002 WL 1447871, at 6-7; *Thermapure, Inc. v. Temp-Air, Inc.*, No. 10-CV-4724, 2010 WL 5419090 (N.D. Ill. Dec. 22, 2010) (*Thermapure*).

Oplus opposes the severance of the JVC and Sears claims, arguing: (1) severance is improper because there is no misjoinder in this case, and (2) the Sears claims cannot be severed because Sears can be transferred to New Jersey along with JVC. Neither argument is persuasive. First, Fed. R. Civ. P. 21 permits the court to sever *any* claim against a party. The severance of claims does not require a showing of misjoinder, and severance of claims is within the broad discretion of the trial court. *See Rice*, 209 F.3d at 1016. Second, a court may sever claims regardless of whether or not a transfer of venues is deemed appropriate. *See* Fed. R. Civ. P. 21. In contrast to Oplus's argument, "[t]his court has held that . . . joinder of 'peripheral' defendants to prevent the transfer of an action to a more appropriate venue is improper." *Spread Spectrum*, 2010 WL 3516106, at *2. Oplus cannot name an insignificant party as a defendant in the action simply to establish venue in whatever district it seeks: this form of forum-shopping is impermissible.[1]

*Staying the Sears Claims*

---

[1] Oplus notes that this case is one of four suits it has filed in this District involving the same patents, some pending in other courts. (Resp. at 1, fn 1.) Oplus then argues that a severance could result in litigating these patents in the district courts of different states, creating the risk of conflicting results. Oplus does not explain why this risk is not now present while the cases are in different courts in this District. While the America Invents Act precludes complete joinder of cases involving different accused products, 35 U.S.C. § 299, Oplus might have sought reassignment under Local Rule 40.4 for consolidation of pre-trial proceedings, including claim construction.

6

JVC further seeks to have the action against Sears stayed, once the Sears claims are severed from the JVC claims.[2] A stay is appropriate in this action, particularly considering: (1) the potential for prejudice and disadvantage to Oplus; (2) the ability to simplify the action; (3) the reduced burden of litigation on the Court and parties. *See Tap Pharmaceutical*, 2004 WL 422697, at *1. All the substantive issues regarding patent infringement as they relate to the claims against Sears will first be resolved in the action against JVC. Actually, the resolution of the independent JVC action could potentially eliminate the claims against Sears. This would significantly simplify the issues in the Sears case and would dramatically reduce the burden of litigation on the parties, as well as the Court. These considerations outweigh Oplus's contention that granting the stay would make Oplus's means of obtaining discovery less convenient. (Resp. at 15.) Therefore, the motion to stay the Sears action pending the resolution of the JVC action is granted.

*Motion to Transfer*

Finally, JVC seeks to have the action against it transferred to the District of New Jersey, pursuant to 28 U.S.C. § 1404(a). A party seeking transfer must show: (1) venue is proper in both the transferor and the transferee courts; (2) the transfer is for the convenience of the parties and witnesses; and (3) the transfer is in the interest of justice. 28 U.S.C. § 1404(a); *Coffey*, 796 F.2d at 219. The parties agree venue is proper for all

---

[2] Sears has requested JVC defend and indemnify it in this action and has joined in JVC's Motion to sever claims, transfer the JVC claims, and stay the Sears action. (Memo. at 7.)

parties in both the transferor and transferee districts, so only the convenience and justice factors require consideration.

<u>Convenience of the Parties and Witnesses</u>

The determination of which venue is more convenient for the parties and the witnesses is fact-intensive and is at the discretion of the district court. *Coffey*, 796 F.2d at 219. To make this determination, courts in this District consider five factors: (1) the plaintiff's initial choice of forum; (2) the situs of material events; (3) the relative ease of access to sources of proof; (4) the convenience of the parties litigating in the respective forum; and (5) the convenience of the witnesses. *Amoco Oil Co. v. Mobil Oil Corp.*, 90 F.Supp.2d 958, 960 (N.D.Ill. 2000). In cases alleging patent infringement, "the location of the infringer's principal place of business is often the critical and controlling consideration because such suits often focus on the activities of the alleged infringer, its employees, and its documents, rather than upon those of the plaintiff." *Cooper Bauck Corp. v. Dolby Laboratories, Inc.*, No. 05–CV-7063, 2006 WL 1735282, at * 5 (N.D. Ill. June 19, 2006) (*Cooper Bauck*) (internal quotations omitted).

Weight is typically given to the plaintiff's initial choice of forum, particularly when it is the plaintiff's home forum. However, when the choice of forum lacks a significant connection to the underlying claims, little weight is afforded to the plaintiff's choice. *Symons Corp. v. Southern Forming and Supply, Inc.*, 954 F.Supp. 184, 186 (N.D.Ill. 1997). Here, the sales of the accused products occurred in this District, as well as many other districts, and "[s]ales alone are insufficient to establish a substantial connection to the forum if the defendant's goods are sold in many states." *Anchor Wall*

*Sys., Inc. v. R & D Concrete Products, Inc.*, 55 F.Supp. 2d 871, 874 (N.D. Ill. 1999). Therefore, Oplus's choice of forum in the Northern District of Illinois is afforded little weight in this analysis.

The situs of material events is clearly the District of New Jersey, where JVC is headquartered and operates its principal place of business. Many of the potentially material witnesses in this action, knowledgeable about the accused products, their marketing, and sales, are located in New Jersey. The alleged infringer's witnesses and potentially relevant documents are in New Jersey; thus, this factor weighs heavily in favor of transferring the action to New Jersey. *Cooper Bauck*, 2006 WL 1735282, at * 5.

The relative ease of access to proof is essentially a neutral factor, because even if the documentary evidence is located in New Jersey, it is likely that most, if not all, of these documents will be produced electronically. *Leuders v. 3M Co.*, No. 08–CV–2457, 2008 WL 2705444, at *3 (N.D. Ill. July 9, 2008).

The convenience of the parties will be advanced by transferring the action to New Jersey. In assessing the convenience of the parties, the parties' respective residences and their ability to bear the expenses of litigating in a particular forum are considered. *Hanley v. Omarc, Inc.*, 6 F.Supp. 2d 770, 776 (N.D. Ill.1998). JVC is located in New Jersey. Oplus is an Israeli company, with no offices in the Northern District of Illinois; proceeding in Illinois is no more convenient to Oplus than any other district. However, transferring the action to New Jersey, where JVC is located and operates its business, would be more convenient for JVC. Therefore, this factor weighs in favor of transfer.

In determining the convenience to the witnesses, the court considers "the nature and quality of the witnesses' testimony with respect to the issues of the case." *Schwarz v. Nat'l Van Lines, Inc.*, 317 F.Supp.2d 829, 836 (N.D. Ill. 2004). The convenience of non-party witnesses is more significant to the analysis, since party witnesses are typically required to appear voluntarily. *Amorose v. C.H. Robinson Worldwide, Inc.*, 521 F.Supp.2d 731, 735 (N.D. Ill. 2007). As previously discussed, the majority of the potential witnesses are located in New Jersey. The only third-party witnesses identified thus far, by JVC, work for Genesis, IDT, and Qualcomm and designed and manufactured the accused technology; they are located in California. (Memo. at 11.) Therefore, the convenience of the third-party witnesses is a neutral factor.

The most significant factors in this particular analysis of convenience are the situs of material events and the convenience of the parties. The situs of material events is clearly in New Jersey, where JVC is located. Transferring the action to New Jersey would be significantly more convenient for JVC and no more or less convenient for Oplus.

<u>Interest of Justice</u>

The final factor considered in a transfer motion under 28 U.S.C. § 1404(a) is whether or not the transfer would serve the interest of justice. In cases where jurisdiction is not based on diversity, the "interest of justice" test concerns the efficient function of the courts generally. *See Coffey*, 796 F.2d at 221. In this case, both the transferee and the transferor districts have the requisite legal experience to decide a case such as the one at bar. Justice is served when the transfer of an action promotes the "efficient functioning

of the courts." *Coffey,* 796 F.2d at 221. While JVC admits the average time to trial is greater in the District of New Jersey than here in the Northern District of Illinois, the difference is minimal: the time from filing to final disposition in civil cases is approximately 18 days longer in this District. (Memo. at 13.) It is significant that JVC is located in New Jersey and that virtually no connection exists between the JVC-Oplus dispute and this District: it is reasonable to assume that a case can be resolved more efficiently and effectively where at least one of the parties resides. Therefore, justice would be better served in transferring this action to the District of New Jersey.

Based on the relative convenience of the parties and in order to promote the interest of justice, this case shall be transferred to the District of New Jersey.

## CONCLUSION

In light of the foregoing analysis, JVC's Motion to sever the claims alleged against it from the claims alleged against Sears is granted. The claims Oplus has alleged against Sears are stayed, pending the outcome of Oplus's action against JVC. Finally, JVC's Motion to transfer venue to the District of New Jersey with respect to Oplus's action against JVC is granted.

Date: 6-21-12

JOHN W. DARRAH
United States District Court Judge